CHARLES H. FRANCIS, JR. AND WIFE, CAROLYN F. FRANCIS v. DURHAM COUNTY DEPARTMENT OF SOCIAL SERVICES

No. 7814DC717

(Filed 5 June 1979)

1. Infants § 5— child in custody of department of social services—mother's consent to adoption—jurisdiction to award custody

The district court had subject matter jurisdiction of an action for custody of a minor child who was physically present in this State and in the custody of a county department of social services. The fact that the mother had surrendered the child to the department of social services and had signed a general consent for his adoption did not vest subject matter jurisdiction over all matters pertaining to the child's custody exclusively in the clerk of superior court or in the superior court itself under the provisions of G.S. Ch. 48 governing adoptions.

Francis v. Dept. of Social Services

2. **Infants § 6; Adoption § 1— custody hearing—failure to give protective order to department of social services**

   The district court in a child custody proceeding did not err in failing to grant defendant county department of social services a "protective order based upon confidentiality of records as set out in G.S. 48-25," since defendant may not now justly complain if the district court failed to enter an order which defendant contends it had no power to grant, and since neither the director nor any employee of defendant was required in this action to disclose any type of information acquired in the contemplation of an adoption referred to in G.S. 48-25.

3. **Adoption § 2.1— consent to adoption—no right to choose adoptive parents**

   No provision of law gives the right to decide who may and who may not be considered as adoptive parents to a natural parent who has given the director of social services an irrevocable general consent for the adoption of his child.

APPEAL by defendant, the Durham County Department of Social Services, from *Pearson, Judge*. Judgment entered 7 April 1978 in District Court, DURHAM County. Heard in the Court of Appeals 26 April 1979.

This is an appeal from judgment awarding custody of a minor child to its paternal grandparents. The child, Nathan Allen Francis, was born 28 June 1976 to Cheryl Anne Bush Francis and husband, Leonard Francis. His father, Leonard Francis, died on 10 December 1976. On 28 November 1977 the child's mother turned him over to the Durham County Department of Social Services (the Department) and signed a consent for his adoption. The time within which the mother might withdraw her consent has expired, and she has shown no interest in doing so. She is not a party to this proceeding.

On receiving the child from his mother, the Department followed its normal procedure and placed him temporarily in a foster home in Durham. Following the death of the child's father there had been practically no communication between the child's mother and his paternal grandparents, and the grandparents did not immediately learn that their grandson had been placed with the Department. Upon learning of this, they immediately went to the Department and attempted to commence adoption proceedings, but were told that the Department was unable to consider their request to have the child placed with them as adoptive parents. The letter from the Department informing them of this

stated that it was "because of the position of the mother, and, as N.C. law gives the parent the right to make this decision." Upon receiving this notification from the Department, the paternal grandparents commenced the present proceeding in the district court to obtain custody of the child.

In their complaint, filed 1 March 1978, the paternal grandparents alleged the foregoing facts and in addition alleged that "they can provide the child with a nice home with the love, devotion, upbringing, and general welfare that the child needs and deserves." The Department filed a motion to dismiss the complaint under G.S. 1A-1, Rule 12(b)(1) on the grounds that the district court lacked jurisdiction over the subject matter and under Rule 12(b)(6) on the grounds that the complaint failed to state a claim upon which relief can be granted. The district court denied the Department's motion to dismiss and, after a hearing on the merits, entered judgment finding the foregoing facts and in addition finding facts and making conclusions of law as follows:

7. At the time of this hearing, there were no adoption proceedings pending by anyone concerning the adoption of the said infant.

8. The plaintiff husband is 46 years old, in good health, and gainfully employed by General Telephone Company. He has been so employed for seven years. He is retired from the U.S. Army and receives a pension therefrom.

9. The femme plaintiff is 45 years old, in good health and works part-time. It is not economically necessary for her to work.

10. Both of the plaintiffs are natives of Durham and have numerous relatives in the Durham community. The plaintiffs have raised, in addition to the one deceased son, a daughter and two sons. The daughter is 24 years old and the sons are 22 and 17 respectively. The daughter is married and she and her husband have a four year old child. They live in Durham County and are very close to the plaintiffs, both physically and emotionally. The two sons both live in the home of the plaintiffs. Additionally, the femme plaintiff has a sister fifteen years her junior whom she and the male plaintiff raised after the death of their mother when the sister was 14 years

old. The sister is now married, lives in Durham and enjoys a very close relationship with the plaintiffs.

11. All members of the family and many close relatives are completely supportive of the plaintiffs in their efforts to obtain custody of the infant child. The Francis family is a close-knit, sharing family which places great emphasis on blood relations. Said family members would not hesitate to assist, in any way possible, with the maintenance and support of the infant child should anything happen to either or both of the plaintiffs.

12. The plaintiffs live in a nice home and there are ample facilities in the home for the raising of the infant child. Their finances are such that the addition of another child would place no undue economic hardship on them.

13. The plaintiffs are hardworking, intelligent people who have successfully raised four children and are quite capable of raising a fifth. They live in a good community with good educational facilities nearby.

14. No evidence whatsoever has been presented to deny the fitness of the plaintiffs.

15. The plaintiffs are fit, suitable and proper parents and are the natural grandparents of the infant child. The defendant has, prior to this hearing, legal custody of the child by virtue of the General Statutes of North Carolina. The best interest of the child, including his health, education, welfare and general upbringing, would best be served by awarding sole and exclusive custody of the infant child to the plaintiffs.

16. There exists no impediments to the immediate transfer of the infant child from the home of the foster parents to the plaintiffs herein.

CONCLUSIONS OF LAW

1. The Civil District Court of Durham County has jurisdiction over the parties and the subject matter of this action.

2. The plaintiffs are fit, suitable and proper persons to have custody of the infant child, Nathan Allen Francis.

3. The best interest of the infant child will be served by awarding his custody, care and upbringing to the plaintiffs.

On these findings and conclusion, the district court entered judgment awarding custody of the child to the plaintiffs, its paternal grandparents. From this judgment, the Department appeals.

*Mount, White, King, Hutson, Walker & Carden by E. Lawson Moore and William O. King for appellees.*

*Lester W. Owen and James W. Swindell for Durham County Department of Social Services, defendant appellant.*

PARKER, Judge.

[1] Appellant, the Durham County Department of Social Services, first contends that the district court did not have jurisdiction over the subject matter of this action and that its motion to dismiss made under G.S. 1A-1, Rule 12(b)(1) should have been allowed. We do not agree.

This is a civil action for custody of a minor child. The child was physically present in this State and the court obtained personal jurisdiction over the defendant agency, which had actual control and custody of the child when this action was commenced. Either of these factors would vest jurisdiction in the courts of this State to determine custody of the child. *See* G.S. 50-13.5(c)(2). "The district court division is the proper division . . . for the trial of civil actions and proceedings for . . . child custody." G.S. 7A-244. The procedure in actions for custody or support of minor children is prescribed in G.S. 50-13.5. Subsection (h) of that statute provides that "[w]hen a district court having jurisdiction of the matter shall have been established, actions or proceedings for custody and support of minor children shall be heard without a jury by the judge of such district court and may be heard at any time." We hold that by virtue of these statutes the district court had jurisdiction over the subject matter of this action.

We find no merit in appellant's contention that, the child having been placed by its mother with the appellant and the mother having signed a general consent for his adoption, the provisions of G.S. Ch. 48 governing adoptions apply so as to vest subject matter jurisdiction over all matters pertaining to the child's custody

exclusively in the clerk of superior court or in the superior court itself. G.S. 48-12(a) provides that "[a]doption shall be by a special proceeding before the clerk of superior court," but here no proceeding for the adoption of the child had been filed when this action was instituted. Plaintiffs' informal oral request made to the Department that their grandchild be placed with them for adoption, which request the Department denied, did not amount to the institution of an adoption proceeding. All that had happened here prior to the institution of the present custody action is that the mother had surrendered the child to the defendant Department and had signed a general consent for his adoption. The effect of this was to give legal custody of the child to the Department "unless otherwise ordered by a court of competent jurisdiction." G.S. 48-9.1(1). Here, a court of competent jurisdiction has otherwise ordered. Appellant's first assignment of error is overruled.

[2] Appellant next contends that the court erred in failing to grant it a "protective order based upon confidentiality of records as set out in G.S. 48-25." Subsection (c) of the cited statute is as follows:

> (c) No director of social services or any employee of a social services department nor a duly licensed child-placing agency or any of its employees, officers, directors or trustees shall be required to disclose any information, written or verbal, relating to any child or to its natural, legal or adoptive parents, acquired in the contemplation of an adoption of the child, except by order of the clerk of the superior court of original jurisdiction of the adoption, approved by order of a judge of that court, upon motion and after due notice of hearing thereupon given to the director of social services or child-placing agency; provided, however, that every director of social services and child-placing agency shall make to the court all reports required under the provisions of G.S. 48-16 and 48-19.

The record on appeal does not reveal exactly what type of "protective order" was requested by the appellant and does not even clearly reveal that the district court, after being presented with a proper motion by defendant for any such order, refused to grant it. Indeed, in this regard appellant's brief contains the statement that "[t]he offer made by the District Court to provide the defend-

ant a protective order was of no avail because the District Court is without jurisdiction to grant such an order as denoted in G.S. Sec. 48-25 quoted above." Appellant may not now justly complain if the district court failed to enter an order which appellant contends it had no power to grant. Whatever may be the situation in that regard, it is manifest that appellant was not prejudiced by the absence of any "protective order." Neither the director nor any employee of the Durham County Department of Social Services was required in this action to disclose any information of the type referred to in G.S. 48-25.

We have examined appellant's remaining contentions set forth in its brief and find them without merit. Our review of this case has been made more difficult by appellant's failure to comply with the directive of Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure that "[e]ach exception shall be set out immediately following the record of judicial action to which it is addressed and shall identify the action, without any statement of grounds or argumentation, by any clear means of reference." In the record on appeal the appellant referred to exceptions under its assignments of error but such exceptions do not otherwise appear in the record. For failure to comply with the Rules of Appellate Procedure this apepal would have been subject to dismissal. Rule 25, N.C. Rules of Appellate Procedure. Nevertheless, we have elected not to dismiss this appeal in order that we may pass upon the jurisdictional question which appellant sought to raise.

[3] Finally, we take note of the reason stated in defendant Department's letter as to why it was unable to consider plaintiffs' request to have their grandchild placed with them for adoption. The stated reason was that it was "because of the position of the mother and, as N.C. law gives the parent the right to make this decision." It is apparent from this that the Department was acting under a misapprehension of the law when it refused to consider plaintiffs' request. No provision of law gives the right to decide who may and who may not be considered as adoptive parents to a natural parent who has given to a director of social services an irrevocable general consent for the adoption of his child.

The order appealed from is

Affirmed.

Judges MITCHELL and MARTIN (Harry C.) concur.