IN RE: ADOPTION OF JOSHUA NEAL SEARLE

No. 8426SC725

(Filed 2 April 1985)

1. **Appeal and Error § 31.2— failure to note exceptions—waived to correct manifest injustice**

     Although respondent failed to note exceptions anywhere in the record and listed no exceptions under the assignments of error, App. Rule 10 was suspended because the trial court's error was so fundamental that manifest injustice would result if it was not corrected.

2. **Adoption § 2.2; Rules of Civil Procedure § 4— summons endorsed 102 days after issuance—period for determining abandonment of child—began with endorsement**

     The trial court erred in an adoption proceeding by instructing the jury that it should consider the six-month period preceding 2 August 1983 when determining whether respondent had abandoned the child because the complaint was filed on 2 August 1983 and the summons was issued three days later but endorsed on 15 November 1983, 102 days after it was issued. The action commenced as to respondent on 15 November 1983 and the court should have instructed the jury to consider the six months preceding that date. Although rendered moot by the error in the court's instructions, it was clear that the court continued to misapply the law when it ruled on respondent's motions for directed verdict and judgment n.o.v. G.S. 48-2(1)(a), G.S. 1A-1, Rules 3 and 4.

APPEAL by respondent from *Downs, Judge.* Judgment entered 1 March 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 March 1985.

Joshua Neal Searle, a minor, is the only child born of the marriage between Susan Brewster, wife of petitioner James Brewster, and respondent Frederick Leon Searle. Susan Brewster and respondent were married in 1977 and Joshua was born in 1978. Both parents have since remarried. Pursuant to an earlier court order, custody of the minor child is with the mother and respondent has no visitation rights.

The facts pertinent to our decision in this case may be summarized as follows: On 31 July 1983, respondent, who had not seen his child since early 1981, spoke with petitioner and learned that petitioner wished to adopt the child. Respondent indicated that he would not consent to the adoption. On 2 August 1983, respondent hired a lawyer to attempt to modify the order denying him visitation and sent $500 in child support to the child's mother and her husband. Also on 2 August 1983, petitioner filed with the Clerk of Mecklenburg County Superior Court a petition to adopt Joshua Neal Searle and a petition to have him declared abandoned by his natural father. Summons was issued 3 days later, but was not served on respondent. Respondent's motion to modify the visitation order was filed on 10 August 1983, was called for hearing by the court on 15 November 1983, but was continued because of the pending adoption proceeding. The summons issued in the adoption proceeding on 5 August 1983 was endorsed for the first time on 15 November 1983 and then served on respondent. No alias or pluries summons had been issued. Respondent responded to the petition on 15 November 1983, denying the allegation of abandonment.

A hearing on the alleged abandonment was held on 28 and 29 February 1984 in Superior Court. The evidence adduced at that hearing is not pertinent to our decision and a summary of it would serve no purpose. At the close of the evidence, the following issue was submitted to the jury and answered as indicated:

Did the respondent, Frederick L. Searle, abandon his child, Joshua, for at least six consecutive months immediately before August 2, 1983?

ANSWER: YES.

Respondent's motions for directed verdict, made at the close of petitioner's evidence, and for judgment n.o.v. were denied by the court. The court entered judgment on the jury's verdict that respondent had abandoned his son. Respondent appealed.

*Robert P. Hanner, II, and W. David Thurman for petitioner-appellee.*

*Ronald Williams for respondent-appellant.*

EAGLES, Judge.

Respondent's first two assignments of error raise the single issue of whether it was error for the court to instruct the jury that, for purposes of determining the period of respondent's alleged abandonment of his child, the adoption proceeding was instituted on 2 August 1983. We hold that the action was not instituted on 2 August 1983 and that the court's instruction to the jury was erroneous.

[1] We note first that respondent failed to note anywhere in the record his exceptions to the trial court's jury instructions. Further, no exceptions are listed under the relevant assignments of error. The Rules of Appellate Procedure are mandatory and failure to follow them subjects the appeal to dismissal. *Craver v. Craver*, 298 N.C. 231, 258 S.E. 2d 357 (1979); *Marisco v. Adams*, 47 N.C. App. 196, 266 S.E. 2d 696 (1980). Further, the very language of Appellate Rule 10(a) would ordinarily preclude our consideration of exceptions not properly set out or of the arguments advanced in support of the assignments of error purportedly based on those exceptions. Because the trial court's error was so fundamental that manifest injustice will result if it is not corrected, acting under Appellate Rule 2 we suspend Appellate Rule 10 to allow for consideration of this first issue.

[2] Adoption proceedings are special proceedings and not civil actions. *In re Daughtridge*, 25 N.C. App. 141, 212 S.E. 2d 519 (1975); G.S. 48-12(a). Adoption proceedings are within the original jurisdiction of the clerk of superior court. *Francis v. Durham Co. Dept. of Social Services*, 41 N.C. App. 444, 255 S.E. 2d 263 (1979); G.S. 48-12. Where an issue of fact is raised in a special proceeding, it must be determined by the court. The clerk is directed by G.S. 1-273 and 1-399 to transfer the action to the superior court docket for trial of the issues raised in the pleadings. *Oxendine v. Catawba County*, 303 N.C. 699, 281 S.E. 2d 370 (1981). Because respondent raised an issue of fact as to whether he had wilfully abandoned the child, this action was properly heard in superior court.

Under our statutes, an abandoned child is defined as follows:

[A]n "abandoned child" shall be any child who has been wilfully abandoned at least six consecutive months imme-

diately preceding institution of an action or proceeding to declare the child to be an abandoned child.

G.S. 48-2(1)(a). Respondent contends that the adoption proceeding in this case was instituted on 15 November 1983 when he was served with process and not on 2 August 1983 when the petition was first filed. We agree.

Although an adoption proceeding is a special proceeding, no separate procedure is prescribed by statute so the Rules of Civil Procedure and the statutes governing special proceedings, G.S. 1-393 *et seq.*, would apply. *VEPCO v. Tillett*, 73 N.C. App. 512, 327 S.E. 2d 2 (1985). G.S. 1-394 provides in part as follows: "Special proceedings against adverse parties shall be commenced as is prescribed for civil actions." Clearly, this adoption proceeding involves respondent as an adverse party; petitioner and respondent here are in the same relative position as a plaintiff and defendant would be in a civil action. G.S. 1A-1, Rule 3 provides, "A civil action is commenced by filing a complaint with the court." G.S. 1A-1, Rule 4 provides for the issuance of a summons upon the filing of a complaint, requires that each defendant in an action be served with process, and prescribes the manner for service of process. G.S. 1A-1, Rule 4(c) requires that service of process occur within 30 days after the issuance of the summons. The validity of the summons for service of process may be extended under G.S. 1A-1, Rule 4(d) by endorsement of the original summons or issuance of an alias or pluries summons within 90 days of the issuance or last prior endorsement of the original summons. As long as this chain of summonses is maintained, the service of summons will relate back to the original date of issuance. *Williams v. Bray*, 273 N.C. 198, 159 S.E. 2d 556 (1968) (decided under prior law); *Roshelli v. Sperry*, 57 N.C. App. 305, 291 S.E. 2d 355 (1982).

However, when the original summons is not endorsed or an alias or pluries summons is not issued within 90 days of the date of original issuance or last prior endorsement, G.S. 1A-1, Rule 4(e) provides, "the action is discontinued as to any defendant not theretofore served with summons within the time allowed." The discontinued action may be revived by endorsement of the summons or the issuance of an alias or pluries summons but, as to the party named in the complaint, "the action shall be deemed to

have commenced on the date of such issuance or endorsement." G.S. 1A-1, Rule 4(e). A discontinuance breaks the chain of summonses and a summons endorsed more than 90 days after the issuance of the original summons does not relate back to the original date of filing of the complaint. *See Lackey v. Cook*, 40 N.C. App. 522, 253 S.E. 2d 335, *rev. denied*, 297 N.C. 610, 257 S.E. 2d 218 (1979).

Here, the complaint was filed on 2 August 1983 and the summons issued 3 days later. The record affirmatively discloses and petitioner concedes in his brief that the summons was not endorsed until 15 November 1983, 102 days after it was originally issued. Therefore, under G.S. 1A-1, Rule 4(e), the action was discontinued as to respondent and the endorsed summons that was served on him does not relate back to 2 August 1983. As to respondent, then, the adoption proceeding was not instituted until 15 November 1983. It was error for the trial court to instruct the jury that, for purposes of determining whether respondent had abandoned the child, they should consider the six month period preceding 2 August 1983. Since the action commenced as to respondent on 15 November 1983, the court should have instructed the jury to consider the six months preceding that date.

In his fourth and fifth assignments of error, respondent contends that the court erred in denying his motions for directed verdict and for judgment n.o.v. With respect to both of these assignments, respondent argues that the evidence clearly shows that his failure to provide child support was not willful and that his failure to maintain contact with the child was due to the court order denying visitation.

With respect to these assignments of error, we find that respondent has again failed to note his exceptions in the record. As noted above, we are precluded under Appellate Rule 10 from considering his assignments of error or the arguments advanced in support of them and his appeal is subject to dismissal. *Craver v. Craver; Marisco v. Adams*, both *supra*. Even if respondent's exceptions were properly set out, our consideration of the issue raised by his assignments of error would be rendered moot by our holding on the first issue presented. It is obvious from the issue submitted to the jury that the court erred in determining which 6 months period was to be considered. Based on this error, it is clear that the court continued to misapply the law when it

ruled on respondent's motions for directed verdict and judgment n.o.v., and erroneously used the 2 August 1983 date instead of 15 November 1983.

Though respondent states several other assignments of error, he neither supports them with exceptions in the record nor argues them in his brief. Accordingly, we dismiss those assignments of error. Appellate Rule 28(b)(5).

The judgment of the superior court is vacated and the cause remanded for further proceedings consistent with this opinion.

Vacated and remanded.

Judges ARNOLD and PARKER concur.