IN RE ADOPTION OF DUNCAN

[112 N.C. App. 196 (1993)]

---

IN RE ADOPTION OF LARRY WAYNE DUNCAN, MINOR CHILD

No. 9118SC902

(Filed 5 October 1993)

1. **Adoption or Placement for Adoption § 4 (NCI4th)— adoption proceeding transferred by clerk to superior court—jurisdiction of court**

The superior court had jurisdiction over this adoption proceeding where the court acquired jurisdiction at the moment the clerk transferred the case; the clerk was directed by the language of N.C.G.S. § 1-273 to transfer the case to the court once issues of fact and law regarding the natural parents' consent to the adoption, DSS's consent to the adoption, and a pending action in New Jersey became considerations; the superior court acquires original jurisdiction of any special proceeding sent to it from the clerk on any ground whatever, even where proceedings were improperly brought before the clerk; and the district court, which originally gained jurisdiction over the child as a neglected child, properly terminated its jurisdiction once the adoption petition was filed.

**Am Jur 2d, Adoption §§ 49, 69, 70.**

IN RE ADOPTION OF DUNCAN

[112 N.C. App. 196 (1993)]

2. **Adoption or Placement for Adoption § 43 (NCI4th)— clerk's rescission of interlocutory decree of adoption—trial court's authority to set aside**

The trial court could properly set aside the clerk's rescission of the interlocutory decree of adoption, since once the superior court acquires jurisdiction, the trial judge may set aside a previous order of the clerk without finding an abuse of discretion or error of law by the clerk.

**Am Jur 2d, Adoption § 65 et seq.**

Appeal by intervenors from order entered 10 May 1991 by Judge Julius A. Rousseau, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 22 September 1992.

This action was initiated as an adoption action before the Clerk of Superior Court on 7 May 1990. Sharon and Ernest Duncan, former foster parents of Larry Wayne Tarlton (Duncan), filed a petition seeking to adopt the minor child, born 15 September 1988. The natural parents, Susan Elizabeth Tarlton and Larry Wayne Sweeney, consented to the adoption by the Duncans. Their consents were filed with the petition.

Prior to the commencement of the above adoption action, the minor child was found to be a neglected child within the meaning of N.C. Gen. Stat. § 7A-517(21) by the district court in a juvenile action entitled 89-J-257, and removed from the custody of his natural mother. He was placed in the legal and physical custody of the Guilford County Department of Social Services (DSS). As a result of the district court's order, Larry was initially placed in the foster home with the Duncans on 11 August 1989.

Shortly thereafter, the child's guardian ad litem and attorney advocate made a motion with the court requesting that DSS initiate a home study on Trina and Martin Puglisi, the first cousins of the child's mother. The Puglisis were residents of Montvale, New Jersey. The court ordered the study which was completed by New Jersey social services officials on 22 January 1990. The resulting report highly recommended the Puglisis as caretakers. The court held a hearing on or about 1 May, at which time the court ordered that legal custody remain with DSS, and ordered that physical custody of the child be placed with the Puglisis as of Saturday, 5 May 1990. Both natural parents appealed the decision, and an

additional hearing was held on 4 May to determine the temporary custody of the child pending those appeals. Also on 4 May 1990, the foster parents, the Duncans, contacted DSS indicating a desire to adopt the child and stating that the child's parents were with them and that they wished to execute consent agreements.

In response to this information, the Deputy County Attorney for DSS and the Attorney Advocate for the minor child moved the court requesting immediate action. The motion stated, "[T]his private consent to adoption is in direct conflict to the purpose of the prior Court Orders and that it is in direct conflict to the best interests of the juvenile; that the Court has previously determined that it is in the best interests of the juvenile to be placed in the physical custody of Mr. and Mrs. Martin Puglisi." An *ex parte* order was issued by the district court placing immediate physical custody of the child with the Puglisis.

The following Monday, 7 May 1990, the Duncans filed the above-mentioned petition for adoption before the Clerk of Superior Court of Guilford County. Consent to Adoption forms were also submitted, signed by Susan Tarlton and Larry Sweeney, the biological parents. The Duncans also moved to intervene in the juvenile action and moved to stay the custody order.

On 31 August 1990, the Clerk of Superior Court entered an interlocutory decree of adoption pursuant to N.C. Gen. Stat. § 48-17. Responding to that decree, on 4 September 1990, the district court relieved DSS of legal custody, relieved the Puglisis of physical custody, and ordered that the child be returned to North Carolina for placement with Mr. and Mrs. Duncan. The district court then terminated its jurisdiction of the minor child.

On 15 October 1990, the Supreme Court of New Jersey granted a stay of the North Carolina district court's order to return the child, finding that New Jersey had limited jurisdiction of the matter "based on the physical presence of plaintiffs [the Puglisis] and the child, which exercise of jurisdiction should be directed only to the physical custody of the child, implicating his safety, health, and well-being, until such time as the courts of the State of North Carolina can conduct a hearing on the application for interim and permanent relief." The Court then remanded the matter to the lower court of that state to "communicate to the North Carolina court this Court's view of the need for the holding of a best interest hearing in North Carolina."

## IN RE ADOPTION OF DUNCAN

[112 N.C. App. 196 (1993)]

The next day, the Puglisis then moved to intervene in the adoption action in North Carolina and requested a "best interest" hearing. On 4 December, the Assistant Clerk of Superior Court allowed the motion to intervene.

The Clerk of Superior Court subsequently ordered that the adoption proceedings be transferred to the Superior Court of Guilford County. In his order, the clerk found that "[b]oth the Petitioners and the Intervenor Petitioners are in agreement that the Assistant Clerk of Superior Court should transfer the matter of the Adoption of the minor child to the Superior Court for a full hearing as to the best interests of the minor child in all matters."

A hearing in the case was scheduled in the Superior Court of Guilford County for 1 April 1991; however, it was continued by the Puglisis prior to that date. On 10 April 1991, the Clerk of Superior Court by order rescinded the Interlocutory Decree of Adoption due to inconsistencies found in the adoption petitions filed by the Duncans, and further ordered that no final order of adoption be entered by the Clerk or any assistant clerk ". . . until all matters pending before the Superior Court are resolved."

Both the Duncans and the Puglisis filed motions before the Superior Court the following week. The Puglisis moved to dismiss the action pursuant to Rule 12(b)(1), (3), and (6), of the North Carolina Rules of Civil Procedure. Mr. and Mrs. Duncan moved that the Clerk's rescission of the interlocutory decree be set aside.

Following a hearing on those motions, the trial court found that the Superior Court of Guilford County had exclusive jurisdiction over the adoption and the child, that the district court had terminated its jurisdiction, that the order of the New Jersey court was to be considered in whether the best interests of the child would be protected by allowing the Duncans to proceed with the adoption, and that an evidentiary hearing should be held as soon as possible to determine the best interests of the child. The court also ordered that the order of the clerk of the superior court rescinding the interlocutory order of adoption be set aside. The intervenor-appellants appeal from this order.

*C. Richard Tate, Jr. for intervenor-appellants.*

*Adams & Osteen, by J. Patrick Adams, for appellees.*

ORR, Judge.

Intervenor-appellants contend that the trial court committed reversible error in denying their motion to dismiss, arguing that the Superior Court does not have jurisdiction over these adoption proceedings. They further argue that the trial court erred in setting aside the Clerk's rescission of the interlocutory decree of adoption. We disagree with those contentions, and accordingly affirm the court's decisions and remand for an evidentiary hearing on the best interests of the minor child.

Larry Wayne Tarlton (Duncan) was born on 15 September 1988. Since his birth, he has been kidnapped, adjudicated as a neglected child, placed in a foster home, and sent to New Jersey. The record indicates that his young life has been a continuous series of temporary measures by various adults intending to provide for his "best interests." His natural father was in prison at the time DSS first became involved with the case; his mother was living in a shelter. The Duncans, petitioner-appellees here, kept Larry as foster parents pursuant to a contract with DSS from August 1989, after the district court determined him to be a neglected child, until May 1990, when the court found that it was in his "best interest" to live with his maternal cousins. The Puglisis, the intervenor-appellants, have had Larry in their physical custody since that time.

[1]  It is well settled in North Carolina that in any case involving the adoption of a child, ". . . the court's paramount concern is the child's welfare." *Oxendine v. Dept. of Social Services*, 303 N.C. 699, 708, 281 S.E.2d 370, 376 (1981). Further, the provisions of Chapter 48 (Adoptions), Chapter 50 (Divorce and Alimony), and Chapter 50A (Uniform Child Custody Jurisdiction Act) (UCCJA), the various statutes at issue here, all have as their central focus, their "polar star", the best interests of the minor child. See N.C.G.S. §§ 48-1(3) (1991), 50-13.1, 50-13.2(a) (1987 and 1992 Supp.), and 50A-1(a)(1), (2) (1989). With that in mind, we proceed to the issues presented.

N.C. Gen. Stat. § 48-12 states, "Adoption shall be by a special proceeding before the clerk of the superior court." The only procedure for the adoption of minors is that prescribed by G.S. Chapter 48. "A superior court judge has no jurisdiction in adoption proceedings except upon appeal from the clerk." *In re Daughtridge*, 25 N.C. App. 141, 145, 212 S.E.2d 519, 521 (1975).

IN RE ADOPTION OF DUNCAN

[112 N.C. App. 196 (1993)]

However, "[w]henever a civil action or special proceeding begun before the clerk of a superior court is *for any ground whatever* sent to the superior court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action . . . ." N.C.G.S. § 1-276 (1983) (emphasis added). The superior court acquires original jurisdiction of any special proceeding sent to it from the clerk on any ground whatever, even where proceedings were improperly brought before the clerk. *Bradshaw v. Warren*, 216 N.C. 354, 4 S.E.2d 883 (1939). Moreover, "[i]f issues of law and of fact, or of fact only, are raised before the clerk, he *shall transfer* the case to the civil issue docket for trial of the issues . . . ." N.C.G.S. § 1-273 (1983) (emphasis added). Where an issue of fact is raised in a special proceeding, it must be determined by the court. *In re Adoption of Searle*, 74 N.C. App. 61, 63, 327 S.E.2d 315, 317 (1985).

It is clear that the Superior Court acquired jurisdiction at the moment the clerk transferred the case. The clerk was in fact directed by the language of G.S. § 1-273 to transfer the case to the court once issues of fact and law regarding the natural parents' consent to the adoption, DSS's consent to the adoption, and the pending action in New Jersey became considerations. There is no question that the applicable statutes conferred jurisdiction on the court in the adoption proceeding.

The intervenor-appellant's right to physical custody of the child was by order from the district court. The district court gained jurisdiction over the child as a neglected child pursuant to N.C.G.S. § 7A-517(21). The district court properly terminated its jurisdiction once the adoption petition was filed. "Jurisdiction over adoption proceedings is vested solely in superior court. Thus, the district court has no jurisdiction to act once a petition for adoption is filed, and its jurisdiction is in abeyance once the petition is filed." *In re James S.*, 86 N.C. App. 364, 366, 357 S.E.2d 430, 431 (1987). Since the jurisdiction of the district court, which "undoubtedly possesses *general* subject matter jurisdiction over child custody disputes", *Sloop v. Friberg*, 70 N.C. App. 690, 693, 320 S.E.2d 921, 923 (1984), had ended, and the Supreme Court of New Jersey had held that the provisions of the UCCJA conferred only limited jurisdiction upon that court "until such time as the courts of the State of North Carolina can conduct a hearing . . .", the only proper forum for the evidentiary hearing was the Superior Court

of Guilford County. Additionally, in their brief before this Court, appellants ". . . concede that the Superior Court [and clerk] have jurisdiction over this adoption proceeding."

[2]   Finally, as to the clerk's rescission of the interlocutory decree of adoption, we find that N.C.G.S. § 48-18 is typically dispositive, providing that "[s]uch decree shall be provisional only and may be rescinded or modified at any time prior to the final order." However, once the superior court acquires jurisdiction, the trial judge may set aside a previous order of the clerk, without finding an abuse of discretion or error of law by the clerk. *Bynum v. Fidelity Bank*, 219 N.C. 109, 12 S.E.2d 898 (1941). Therefore, the trial court was within its discretion to set aside the decree without the necessity of findings of fact or conclusions of law justifying the determination.

We therefore hold for all of the above reasons that the Superior Court of Guilford County is the proper forum for disposition of this matter and affirm the decision of the trial court.

Affirmed.

Judges WELLS and GREENE concur.