IN THE MATTER OF: ERIC SHANE MAYNARD AND MAURICA IRENE MAYNARD

No. 9322DC970

(Filed 18 October 1994)

1. **Parent and Child § 111 (NCI4th)— surrender documents signed by mother—motion to set aside—jurisdiction of district court**

    The district court which obtained jurisdiction over respondent's neglected children in late 1991 had jurisdiction over a motion to set aside documents signed by respondent and entitled "Parent's Release, Surrender, and General Consent to Adoption," since a district court's jurisdiction over a case involving a juvenile ends when an adoption petition is filed, and no such petition had been filed in this case.

    **Am Jur 2d, Parent and Child §§ 7, 11.**

2. **Parent and Child § 116 (NCI4th)— neglect proceeding— signing of surrender documents—right to counsel**

    Because respondent's signing of surrender documents occurred following and as a consequence of a neglect proceeding which petitioner initiated, the signing of the papers directly related to the neglect proceedings, and respondent was entitled to counsel when she signed the forms.

    **Am Jur 2d, Parent and Child §§ 7, 11.**

3. **Parent and Child § 116 (NCI4th)— mentally ill mother— signing of surrender documents—violation of right to counsel—documents null and void**

    Petitioner's continuing discussions, during supervised visitations, urging the reluctant respondent to sign papers surrendering

her parental rights without her counsel being present or at least having any knowledge of the discussions violated respondent's right to counsel; petitioner was estopped from asserting that respondent was competent to make a rational and informed decision to surrender her children when the original action taken by petitioner against respondent appeared to have been based in large part upon her mental illness; and the trial court was therefore correct in ordering that the surrender documents were null and void.

**Am Jur 2d, Parent and Child §§ 7, 11.**

Appeal by petitioner from order signed 17 May 1993 by Judge George Fuller in Iredell County District Court. Heard in the Court of Appeals 12 May 1994.

On 15 August 1991, the Iredell County Department of Social Services (DSS) filed a petition for neglect against Debra S. Painter (hereinafter respondent) and Maurice Maynard, Jr. alleging that their two minor children, Eric Shane Maynard and Maurica Irene Maynard, were neglected juveniles as defined by G.S. 7A-517(21). Pursuant to G.S. 7A-587, on 26 August 1991 the district court appointed attorney Mark Childers to represent respondent during the neglect proceedings.

On 16 September 1991, respondent through her appointed counsel stipulated to the district court that because of her mental illness her minor children were dependent as defined by G.S. 7A-517(13). The trial court adjudicated the minor children dependent as to their mother and neglected by their father. The court placed legal and physical custody with DSS and granted respondent supervised visitation with her children. A review hearing was set for 16 December 1991. Prior to the 16 December hearing, respondent, unaccompanied by counsel, met with a DSS social worker on 17 October, 21 November, and 3 December 1991. At each of these meetings, the DSS social worker discussed with respondent the possibility of surrendering her children for adoption. Respondent's attorney was not present and was not notified of these discussions. At the 16 December hearing, respondent conferred with her attorney and decided not to sign the consent to adopt papers. Respondent also stated to the court that she wanted her children returned to her. The court, however, ordered that legal and physical custody remain with DSS and scheduled another review hearing for May 1992. During the interim, at her scheduled

supervised visits with her children at DSS's facility, DSS social workers continued to talk with respondent about surrendering her children for adoption. Respondent's attorney was not present and was not notified of these discussions.

On 27 February 1992, respondent signed two documents entitled "Parent's Release, Surrender, and General Consent to Adoption" (hereinafter "Surrenders") which gave custody of respondent's children to DSS pursuant to G.S. 48-9.1. The Surrenders became irrevocable on or about 28 March 1992 pursuant to G.S. 48-11 which provides that the consenting party may not revoke consent after thirty days from the date of giving consent for adoption. Respondent's counsel learned that his client had signed the Surrenders when counsel conferred with respondent in preparation for the regularly scheduled review hearing set for 18 May 1992. The court continued the hearing until 1 June 1992 at petitioner DSS's request.

On 8 April 1993, respondent's attorney filed a verified motion to set aside the Surrenders on the grounds that DSS violated respondent's right to counsel by obtaining the Surrenders and allowing the revocation period to elapse without notifying respondent's attorney. Between the date that respondent signed the Surrenders and the date she moved to have the Surrenders set aside, respondent was able to discontinue her therapy and medication, resume employment, obtain her own residence, and begin working toward reunification with her children. At the hearing held on 10 May 1993, the district court granted respondent's motion to set aside the Surrenders. From the order setting aside the Surrenders, DSS appeals.

*Iredell County Department of Social Services, by Susan Nye Surles, for petitioner-appellant.*

*Neel & Randall, by Mark L. Childers, for respondent-appellee.*

EAGLES, Judge.

Petitioner DSS (hereinafter petitioner) contends that the trial court erred in setting aside the Surrenders. After careful review of the record and briefs, we affirm.

I.

[1] Petitioner first contends that the district court did not have jurisdiction to grant the motion setting aside the Surrenders. We disagree. The district court has "exclusive, original jurisdiction over any case

involving a juvenile who is alleged to be delinquent, undisciplined, abused, neglected, or dependent." G.S. 7A-523. "When the court obtains jurisdiction over a juvenile, jurisdiction shall continue until terminated by order of the court or until [the juvenile] reaches his eighteenth birthday." G.S. 7A-524. Petitioner alleged that respondent's children were neglected in August of 1991 and the district court adjudicated respondent's children as neglected and dependent in September 1991. Accordingly, the district court acquired jurisdiction of respondent's children beginning in late 1991.

While the statutes do not explicitly address who has jurisdiction to consider a motion to set aside a Surrender, we have previously held that a district court's jurisdiction over a case involving a juvenile ends when an adoption petition is filed. *In Re Adoption Of Duncan*, 112 N.C. App. 196, 201, 435 S.E.2d 121, 124 (1993) (citations omitted). Here, no petition for adoption had been filed. On this record, the motion to set aside the Surrenders is a matter properly within the district court's jurisdiction.

## II.

**[2]** Petitioner also contends that the trial court erred by basing its decision to grant respondent's motion on the ground that respondent was denied her right to counsel. Petitioner argues that counsel's presence is not required when a parent signs a consent to adoption form. In support of its position, petitioner contends that since Chapter 7A does not address the issue of whether counsel should be present when a parent consents to his or her child's adoption, the absence of counsel could not have violated the statute. While Chapter 7A does not explicitly address this issue, G.S. 7A-587 provides that:

> [i]n cases where the juvenile petition alleges that a juvenile is abused, neglected or dependent, the parent has the right to counsel and to appointed counsel in cases of indigency unless the parent waives the right.

Here, respondent was involved in a case because petitioner alleged that her children were neglected. Because respondent never waived her right to counsel, respondent was entitled to counsel in the neglect proceedings pursuant to G.S. 7A-587. After petitioner initiated the neglect proceedings against respondent, petitioner asked respondent to sign the consent forms during the supervised visitation periods at petitioner's facilities. Because the signing of the Surrenders occurred following and as a consequence of a neglect proceeding which peti-

tioner initiated, we hold that the signing of the Surrenders directly related to the neglect proceedings and that respondent was entitled to counsel when she signed the forms.

[3] Because we have established that respondent had the right to counsel when she signed the Surrenders, we now address the issue of whether petitioner's actions deprived respondent of her right to counsel. In its order, the trial court made several pertinent findings of fact: 1. Petitioner's petition alleging neglect of respondent's children recited that one condition which contributed to the neglect of respondent's children was respondent's mental illness. 2. Despite respondent's illness, DSS workers talked with respondent numerous times, in the absence of her attorney, about consenting to the adoption of her children. 3. Respondent's counsel advised her not to consent to the adoptions at the regularly scheduled December 1991 review hearing, respondent refused to consent to her childrens' adoptions at that time, and respondent indicated her interest in having the children placed with her. 4. In February 1992, petitioner had another discussion with respondent about signing the Surrenders without notifying her counsel and respondent signed the Surrenders. 5. Petitioner did not notify respondent's counsel that respondent had signed the Surrenders until well after the statutory thirty day revocation period had expired. Based on these findings, to which petitioner did not object, the trial court concluded that petitioner violated respondent's right to counsel in obtaining the Surrenders and that the Surrenders were null and void.

The court's findings show that the situation in this case is analogous to the situation where a defendant in a criminal case has counsel. Once a defendant invokes his right to counsel and counsel is retained or appointed, the defendant has the right to have counsel present during any questioning. *Miranda v. Arizona*, 384 U.S. 436, 474, 16 L.Ed.2d 694, 723, *reh'g denied, California v. Stewart*, 385 U.S. 890, 17 L.Ed.2d 121 (1966). Unless the criminal defendant effectively waives his right to have counsel present, no questioning may take place in the absence of counsel or without counsel's knowledge. *Miranda*, 384 U.S. at 475, 16 L.Ed.2d at 724.

Here, respondent requested and was provided the assistance of counsel when petitioner initiated neglect proceedings against respondent. This attorney-client relationship continued to exist during the visitations when petitioner asked respondent to sign the Surrenders. Just as custodial interrogation of a criminal defendant in the

**IN RE MAYNARD**

[116 N.C. App. 616 (1994)]

absence of his appointed or retained counsel without a waiver is impermissible, petitioner's continuing discussions, during visitations, urging the reluctant respondent to sign the Surrenders without her counsel being present or at least having any knowledge of the discussions violated respondent's right to counsel.

The court's findings also show that petitioner is estopped to argue that it properly obtained the Surrenders. The court's findings show that petitioner continued to pursue the issue of surrendering respondent's children for adoption with respondent despite petitioner's contention that respondent was mentally ill. In addition, petitioner never informed respondent's counsel of these discussions. It is particularly disturbing that petitioner simultaneously contends that respondent was incapable of caring for her children because of her mental illness but was capable of signing consent to adoption forms while functioning under that same mental illness. On this record, we hold that petitioner was estopped from asserting that respondent was competent to make a rational and informed decision to surrender her children when the original action taken by petitioner against respondent appears to have been based in large part upon her mental illness.

We hold that petitioner's actions deprived respondent of her right to counsel, that petitioner is estopped to assert that the Surrenders were properly executed, and that the trial court was correct in ordering that the Surrenders are null and void. For the reasons stated, we hold that the trial court did not abuse its discretion.

### III.

Finally, petitioner claims that the trial court erred in granting respondent's motion to set aside the Surrenders because the ground relied upon by the trial court is not constitutionally sufficient. We do not address this issue because petitioner did not properly preserve this assignment of error for appellate review. "[T]he scope of review on appeal is limited to those issues presented by assignment of error in the record on appeal." *Koufman v. Koufman*, 330 N.C. 93, 98, 408 S.E.2d 729, 731 (1991) (citations omitted). Furthermore, from the record it appears that petitioner never raised any constitutional issue below. Therefore, petitioner may not raise it for the first time on appeal. *Johnson v. North Carolina State Highway Com'n*, 259 N.C. 371, 373, 130 S.E.2d 544, 546 (1963) (stating that "[i]t is a well established rule of this Court that it will not decide a constitutional question which was not raised or considered in the court below"); *Kaplan v. Prolife Action League*, 111 N.C. App. 1, 31, 431 S.E.2d 828, 844,

*review denied*, 335 N.C. 175, 436 S.E.2d 379 (1993), *cert. denied, Winfield v. Kaplan,* —— U.S. ——, 129 L.Ed.2d 894 (1994).

Affirmed.

Judges LEWIS and WYNN concur.