STATE OF NORTH CAROLINA v. MARY CLARA ADAMS

No. 293PA96

(Filed 11 April 1997)

**Constitutional Law § 264 (NCI4th)— criminal child abuse— inculpatory statement—attorney appointed only for civil abuse petition—no Sixth Amendment violation**

The trial court erred in a prosecution for first-degree statutory sexual offense and two counts of felonious child abuse by suppressing defendant's statement to officers as being in violation of the Sixth Amendment to the Constitution of the United States where medical personnel reported possible child abuse to the Department of Social Services; DSS filed a petition alleging abuse and neglect; an attorney was appointed to represent defendant in regard to the abuse and neglect petition; defendant did not have counsel for any criminal charges; a detective interviewed defendant with her attorney present; the detective asked to talk with defendant again; the attorney advised defendant that she was not required to speak to the detective and defendant told the detective that she did not want to talk to the attorney; and defendant eventually went to the Law Enforcement Center without her attorney and made an incriminating statement. The filing of a petition alleging abuse and neglect commences a civil proceeding and, by its terms, the Sixth Amendment applies only to criminal cases. The Supreme Court could not say, as did the Court of Appeals, that the civil and criminal proceedings were so intertwined that the commencement of a civil proceeding triggers the protection involved in a criminal case. *In re Maynard*, 116 N.C. App. 616, dealt with a person's right to have her attorney appointed pursuant to N.C.G.S. § 7A-587 present when DSS discussed relinquishing the child for adoption and did not deal with a criminal action.

**Am Jur 2d, Criminal Law §§ 743 et seq., 972 et seq.**

On discretionary review pursuant to N.C.G.S. § 7A-31(c) and on appeal of right of a constitutional question pursuant to N.C.G.S. § 7A-30(1) of a unanimous decision of the Court of Appeals, 122 N.C. App. 538, 470 S.E.2d 838 (1996), affirming an order entered 25 April 1994 by Ellis (B. Craig), J., in Superior Court, Cumberland County, suppressing a statement made by the defendant to law enforcement officers. Heard in the Supreme Court 10 December 1996.

The defendant was charged with first-degree statutory sexual offense and two counts of felonious child abuse. She moved to suppress certain statements she made to law enforcement officers on the ground that the statements were taken in violation of the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 19 and 23 of the North Carolina Constitution.

A hearing was held on the defendant's motion to suppress. The evidence at the hearing showed that on 27 November 1992, the defendant and her fiance took their five-month-old daughter to Cape Fear Valley Medical Center for treatment for anal fissures. The Center referred the infant to Duke University Hospital for evaluation of possible physical and sexual abuse. The Center also reported, pursuant to N.C.G.S. § 7A-543, the possible child abuse to the Director of the Department of Social Services of Cumberland County (DSS).

The DSS, pursuant to N.C.G.S. § 7A-548(a), reported the possible child abuse to the district attorney and the Cumberland County Sheriff's Department. On 9 December 1992, the DSS filed a petition alleging abuse and neglect. Geraldine Spates, an attorney, was appointed, pursuant to N.C.G.S. § 7A-587, to represent the defendant in regard to the petition alleging abuse and neglect. The defendant did not have counsel for any criminal charges which might have been brought against her.

Detective Jo Autry of the Cumberland County Sheriff's Department was assigned to the case. Detective Autry interviewed the defendant on 30 December 1992 with the defendant's attorney present. On 20 January 1993, Detective Autry contacted Ms. Spates and asked to talk with the defendant again. Ms. Spates called the defendant and advised her she was not required to speak to the detective. The defendant told Ms. Spates that she did not want to talk to Detective Autry.

Detective Autry tried on numerous occasions to talk to the defendant. On 5 March 1993, the defendant went to the Law Enforcement Center without her attorney and was interviewed by Detective Autry and other officers. She made an incriminating statement that is the subject of the defendant's motion to suppress. The court made findings of fact consistent with the evidence and concluded "[t]hat at the time of the institution of the juvenile abuse and neglect petition, an adversarial judicial proceeding was instituted against the Defendant and that the Defendant's Sixth Amendment

right to counsel attached at that point." The court excluded from evidence the defendant's statement to the officers of 5 March 1993. The Court of Appeals affirmed.

*Michael F. Easley, Attorney General, by Jane R. Garvey, Assistant Attorney General, for the State-appellant.*

*Malcolm Ray Hunter, Jr., Appellate Defender, and Gordon Widenhouse, for the defendant-appellee.*

WEBB, Justice.

The issue in this case is whether the initiation of a civil juvenile petition for abuse and neglect is the equivalent of the initiation of formal, adversarial proceedings for purposes of the invocation of the Sixth Amendment right to the assistance of counsel. The superior court did not deal with the defendant's contentions under the Fifth Amendment or under the state Constitution, and neither party discusses them in the briefs. We shall deal in this case only with the defendant's right to counsel under the Sixth Amendment to the Constitution of the United States.

In *Kirby v. Illinois*, 406 U.S. 682, 32 L. Ed. 2d 411 (1972), the United States Supreme Court held that a defendant's Sixth Amendment right to counsel attaches only at the time adversary judicial proceedings have been initiated against him or her whether by way of formal charge, preliminary hearing, indictment, information, or arraignment. The Court said:

> The initiation of judicial criminal proceedings is far from a mere formalism. It is the starting point of our whole system of adversary criminal justice. For it is only then that the government has committed itself to prosecute, and only then that the adverse positions of government and defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law. It is this point, therefore, that marks the commencement of the "criminal prosecutions" to which alone the explicit guarantees of the Sixth Amendment are applicable.

*Id.* at 689-90, 32 L. Ed. 2d at 417-18.

The superior court held that the filing of a petition alleging abuse and neglect triggered the defendant's Sixth Amendment right to an

STATE v. ADAMS

[345 N.C. 745 (1997)]

attorney, which required the statement she made to the officers on 5 March 1993 to be suppressed. The Court of Appeals affirmed. We disagree.

As we read *Kirby*, it is only when criminal proceedings have been instituted against a defendant that a Sixth Amendment right to an attorney attaches. The Supreme Court also said that it is only then that the government has committed itself to prosecute, and it is only then that the adverse positions of the government and the defendant have solidified.

When the DSS filed the petition alleging abuse and neglect, the State was not committed to prosecute the defendant. The filing of a petition alleging abuse and neglect commences a civil proceeding. By its terms, the Sixth Amendment applies only to criminal cases. We cannot say, as did the Court of Appeals, that the civil and criminal proceedings are so intertwined that the commencement of a civil proceeding triggers the protection involved in a criminal case. We are bound to hold, pursuant to *Kirby*, that the defendant's Sixth Amendment right to an attorney did not attach at that time.

We also conclude that the defendant's statutory right to counsel was not violated. *In re Maynard*, 116 N.C. App. 616, 448 S.E.2d 871 (1994), *disc. rev. denied*, 339 N.C. 613, 454 S.E.2d 254 (1995), upon which the Court of Appeals relied, is not helpful to the defendant. That case dealt with a person's right to have her attorney, who was appointed pursuant to N.C.G.S. § 7A-587 to represent her in an abuse and neglect proceeding, present when representatives of the DSS discussed with her the relinquishment of her child for adoption. It did not deal with a criminal action.

For the reasons stated in this opinion, we reverse and remand to the Court of Appeals for remand to the Superior Court, Cumberland County, which may determine the defendant's claims pursuant to the Fifth Amendment to the Constitution of the United States and pursuant to the North Carolina Constitution.

REVERSED AND REMANDED.