DAVID A. DEAN and wife, DEBORAH DEAN, Plaintiffs,
v.
LEONEL CASTRO BRUNO and MICHAEL SEAN WEBSTER, Defendants.
No. COA08-1498
Court of Appeals of North Carolina
Filed May 5, 2009
This case not for publication
Kenneth L. Poortvliet, for plaintiffs.
Hedrick, Gardner, Kincheloe & Garofalo, L.L.P., by David L. Levy, for defendants.
ERVIN, Judge.
On 24 October 2001, Plaintiff David Dean was injured in an automobile accident that allegedly occurred at or near the intersection of Rural Paved Roads 2400 and 2402 in Cabarrus County. On 6 October 2004, Plaintiffs filed a Complaint with the Clerk of Superior Court of Cabarrus County in File No. 04 CvS 2748 in which they alleged that the negligence of Defendant Leonel Castro Bruno and Defendant Michael Sean Webster (collectively Defendants) caused Plaintiff David Dean to sustain personal injuries and caused his wife, Plaintiff Debra Dean, to suffer a loss of consortium. On 22 June 2005, Plaintiffs David Dean and Debra Dean (collectively Plaintiffs) filed a Notice of Voluntary Dismissal without Prejudice pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a) in File No. 04 CvS 2748.
One year later, on 22 June 2006, Plaintiffs filed a complaint with the Clerk of Superior Court of Cabarrus County in File No. 06 CvS 1891. In this second complaint, Plaintiffs stated the same basic negligence and loss of consortium claims that they had asserted against Defendants in File No. 04 CvS 2748. In addition, Plaintiffs named Defendant Webster's business, Lawns Unlimited, as a party defendant and alleged that Defendant Bruno was acting "under the permission, course, scope and direction of defendant Webster personally and in his capacity as owner of Lawns Unlimited" at the time of the accident.[1] On the same date, Plaintiffs obtained the issuance of a summons directed to Defendants.
Neither Defendant was served during the 90 day period following the issuance of the 22 June 2006 summons. Moreover, Plaintiffs failed to secure an endorsement on the original summons or obtain the issuance of an alias and pluries summons within the time period specified in N.C. Gen. Stat. § 1A-1, Rule 4(d). On 24 October 2006, the trial court entered an Order of Discontinuance"pursuant to [N.C. Gen. Stat. § 1A-1,] Rule 4(e) because the DEFENDANT(S) HA[D] NOT BEEN SERVED within the time allowed nor ha[d] there been an endorsement by the Clerk. . . ."[2]
Defendants filed a Notice of Appearance on 14 December 2006, in which they noted that neither of them had been served. The Notice of Appearance bore the file number of the dismissed complaint (File No. 04 CvS 2748) rather than the refiled complaint (File No.06 CvS 1891).
On 3 January 2008, Judge Susan Taylor entered an Order denying Defendants' motion to dismiss "pursuant to [N.C. Gen. Stat. § 1A-1, Rule 41] and on the grounds of failure to prosecute and failure to procure service" because Defendants "filed a Notice of Appearance [i]n the cause;" providing that Defendant's Notice of Appearance be treated as if it had been filed in File No. 06 CvS 1891 on 13 December 2006 [sic][3] rather than in File No. 04 CvS 2748; and ordering that File No. 06 CvS 1891 be administratively reinstated" and that "new mediation deadlines and tentative trial deadlines" be established. Plaintiffs procured the issuance of an alias and pluries summons directed to Defendants on 8 January 2007.[4]
On 23 April 2008, Defendants filed an answer in which they moved to dismiss the refiled complaint for insufficient process pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(4); for insufficiency of service of process pursuant to N.C. Gen Stat. § 1A-1, Rule 12(b)(5); and for failure to state a claim for which relief can be granted pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6); denied the material allegations of the complaint; and asserted the statute of limitations and contributory negligence as affirmative defenses. On 12 May 2008, Defendants filed a Motion to Dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), in which they alleged that Plaintiffs' claims were barred by the applicable statutes of limitations, N.C. Gen. Stat. § 1-52 and N.C. Gen. Stat. § 1A-1, Rule 41(a). The trial court heard Defendant's Motion to Dismiss on 2 June 2008, and dismissed Plaintiffs' refiled complaint with prejudice after finding that the applicable statute of limitations had run. Plaintiff appeals.

Standard of Review
An appeal from an order dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to N.C. Gen. Stat. 1A-1, Rule 12(b)(6) is subject to de novo review. Leary v. N.C. Forest Prods., Inc., 157 N.C. App. 396, 400, 580 S.E.2d 1,4, aff'd per curiam, 357 N.C. 567, 597 S.E.2d 673 (2003). "Ordinarily, a dismissal predicated upon the statute of limitations is a mixed question of law and fact. But where the relevant facts are not in dispute, all that remains is the question of limitations which is a matter of law." Taylor v. Hospice of Henderson County, Inc., ___ N.C. App. ___, ___, 668 S.E.2d 923, 926 (2008) (quoting Udzinski v. Lovin, 159 N.C. App. 272, 273, 583 S.E.2d 648, 649 (2003), aff'd, 358 N.C. 534, 597 S.E.2d 703 (2004)) (citations omitted). As a result, where a dismissal predicated on statute of limitations grounds is granted based on N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), the relevant standard is whether, construing the complaint liberally in favor of the plaintiff, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted. Country Club of Johnston County, Inc. v. United States Fid. & Guar. Co., 150 N.C. App. 231, 238, 563 S.E.2d 269, 274 (2002).

Analysis
"An action for damages for personal injury arising out of an accident between two vehicles must be commenced within three years of the date on which the accident occurred." Long v. Fink, 80 N.C. App. 482, 484-85, 342 S.E.2d 557, 559; see N.C. Gen. Stat. §§ 1-15(a), 1-46, 1-52(5). After a plaintiff takes a voluntary dismissal without prejudice in a civil action pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(a)(1), "a new action based on the same claim may be commenced within one year. . . ." Pursuant to the provisions of N.C. Gen. Stat. § 1A-1, Rule 41(a), Plaintiffs refiled their complaint exactly one year after the initial dismissal and contemporaneously obtained the issuance of a summons directed to Defendants. As a result of the fact that the initial three year statute of limitations set out in N.C. Gen. Stat. § 1-52(5) expired on 24 October 2004, the continued viability of Plaintiffs' claims against Defendant hinged upon the one year extension of time triggered by N.C. Gen. Stat. § 1A-1, Rule 41(a).
According to N.C. Gen. Stat. § 1A-1, Rule 4(b), a summons must "be directed to the defendant or defendants and shall notify each defendant to appear and answer within 30 days after service." Failure to effectuate service within the time allowed does not invalidate the summons. On the contrary, if any defendant is not served within 60 days after the issuance of the summons, the action may be continued by (1) securing an endorsement upon the original summons within 90 days after the issuance of the summons or the date of the last prior endorsement or (2) obtaining the issuance of an alias and pluries summons within 90 days after the date of the issuance of the original or last preceding summons. N.C. Gen. Stat. § 1A-1, Rule 4(d)(1); see also Huggins v. Hallmark Enterprises, Inc., 84 N.C. App. 15, 18,351 S.E.2d 779, 781 (1987). "When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified by Rule 4d, the action is discontinued as to any defendant not theretofore served . . . . Thereafter, alias or pluries summons may issue, or an extension may be endorsed by the clerk, but, as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement." N.C. Gen. Stat. § 1A-1, Rule 4(e).
In the order dismissing Plaintiffs' complaint, the trial court found that the summons that had been issued contemporaneously with the filing of the refiled complaint had not been properly extended; that the Plaintiffs' action had recommenced with the issuance of the 8 January 2008 alias and pluries summons; and that the three year statute of limitations specified in N.C. Gen. Stat. 1-52(5) and the one year refiling period allowed by N.C. Gen. Stat. § 1A-1, Rule 41(a), had expired prior to 8 January 2007. Plaintiffs seek relief from this determination on the basis of an assertion that Defendants' 14 December 2007 Notice of Appearance constituted a general appearance that cured any defect that might have otherwise existed in the court's jurisdiction over Defendants' person and that this waiver of the need for personal service meant that Defendants' refiled action was not time-barred. We disagree.
Admittedly, N.C. Gen. Stat. § 1-75.7(1) provides that a court with subject-matter jurisdiction may, without the service of summons upon a defendant, exercise jurisdiction over the person of a defendant who makes an appearance unless the purpose of the appearance is to obtain an extension of time within which to answer or otherwise plead. Woods v. Billy's Auto., 174 N.C. App. 808, 813, 622 S.E.2d 193, 197 (2005); see also Hale v. Hale, 73 N.C. App. 639, 641, 327 S.E.2d 252, 253 (1985) ("Jurisdiction of the court over the person of a defendant is obtained by service of process, voluntary appearance, or consent"). Unfortunately for Plaintiffs, a general appearance by the Defendants merely serves to eliminate service and personal jurisdiction concerns. It does not in any way serve to revive a discontinued action.
As we have already noted, a civil action in which (1) service has not been effectuated in a timely manner and in which (2) the plaintiff failed to obtain either an endorsement or the issuance of an alias and pluries summons in a timely manner is deemed discontinued by operation of law. N.C. Gen. Stat. § 1A-1, Rule 4(e). "A discontinuance breaks the chain of summonses and a summons endorsed more than 90 days after the issuance of the original summons does not relate back to the original date of filing of the complaint." In re Adoption of Searle, 74 N.C. App. 61, 64, 327 S.E.2d 315, 318 (1985) (citing Lackey v. Cook, 40 N.C. App. 522, 253 S.E. 2d 335, dis. rev. den., 297 N.C. 610, 257 S.E.2d 218 (1979)). Plaintiffs refiled their complaint on 22 June 2006, which was the last date prior to the expiration of the one year period allowable under N.C. Gen. Stat. § 1A-1, Rule 41(a), following the voluntary dismissal of their complaint in Cabarrus County File No. 04 CvS 2748. "While the statute of limitations is tolled when suit is properly instituted, and it stays tolled as long as the action is alive, the tolling stops if the suit is discontinued by operation of law because of the plaintiff's failure to keep the action alive in an authorized manner after the original summons has lost its efficacy by not being served within the time allowed." Fink, 80 N.C. App. at 485, 342 S.E.2d at 559. As a result, the statute of limitations applicable to this proceeding began to run again as soon as the initial summons expired without either having been served on Defendants or an endorsement or the issuance of an alias and pluries summons having been procured.
Although the trial court did not specify the date upon which the statute of limitations ran, it appears to us from an examination of the material in the record that the limitations period began to run again on or about September 20, 2007, and expired approximately one day later. Thus, even if Plaintiffs are correct in contending that Defendants' 14 December 2006 appearance has some relevance to the resolution of the issue before the Court,[5] acceptance of Plaintiffs' contention would not change the outcome here, since Plaintiffs have not shown that a general appearance suffices to stop the running of the statute of limitations at any time prior to the date of the appearance. As a result, even if Defendants' appearance has some bearing on the present statute of limitations issue, acceptance of Plaintiffs' argument does nothing more than to move the date upon which this action was recommenced from the issuance of the alias and pluries summons on 8 January 2008 to the Defendants' 14 December 2006 appearance. Plaintiffs' claims against Defendants are time-barred under either scenario. Hence, the trial court properly dismissed Plaintiffs' complaint in Cabarrus County File No. 06 CvS 1891 as time-barred. We, therefore, affirm the trial court's order.
AFFIRMED.
Judges ELMORE and STROUD concur.
Report per Rule 30(e).
NOTES
[1] The caption in the refiled complaint listed the defendants as "Leonel Castro Bruno and Michael Sean Webster individually and d/b/a Lawns Unlimited." However, the reference to the various capacities in which Plaintiffs sought to assert claims against Defendant Webster does not appear in the captions found on subsequent documents filed in the trial court and in this Court. Although no reason appears in the record for the disappearance of this fuller reference to Defendant Webster in the caption of the refiled complaint, it does not have any bearing on our analysis of the issues before us on appeal.
[2] The only defendant listed in the caption of the Order of Discontinuance is Defendant Bruno. However, since a discontinuance of this action occurred as a matter of law without the necessity for action by the trial court, N.C. Gen. Stat. § 1A-1, Rule 4(e), the omission of any reference to Defendant Webster from the caption found on the Order of Discontinuance does not affect our analysis of the issues raised by Plaintiffs' appeal.
[3] The copy of Judge Taylor's order contained in the record on appeal reflects that it was filed on 14 December 2006 rather than 13 December 2006.
[4] The 8 January 2007 alias and pluries summons does not appear in the record on appeal. However, it is referenced in both Defendants' Motion to Dismiss and the trial court's dismissal order.
[5] Defendants have not cited any authority to the effect that a general appearance has the effect of recommencing a discontinued action, and we have found no authority to that effect either. As a result, we merely assume, without deciding, that Defendants' appearance might have the effect of recommencing Plaintiffs' action for purposes of the discussion in the text.